**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:24-cr-0004 |
| ) | |
| **N'KEL MORTON,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**BEFORE THE COURT** is the Government's Motion to Continue Trial, ECF No. 56, and Supplement to Motion to Continue Trial and Exclude Time Under the Speedy Trial Act. (ECF No. 61.) Defendant N'Kel Morton takes no position on the motion. For the reasons stated herein, the Court will continue the trial in this matter until April 7, 2025. The Court finds that the time beginning from the date of this Order through April 7, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated.

On March 15, 2024, the Government filed a Criminal Complaint charging Defendant with possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) possession of a firearm in furtherance of the drug trafficking crime alleged in Count One in violation of 18 U.S.C. § 924(c). On April 12, 2024, the Government filed an Information charging Defendant with distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Defendant was arraigned on April 24, 2024.

The Government seeks a continuance of the trial date because its essential witness who tested the cocaine recovered during the undercover drug buy from Defendant, Senior Lab Chemist Carmel Gomez-Melendez, is not available for trial scheduled to commence on November 18, 2024, due to his medical leave to recover from surgery that will last three months during which he cannot work or travel.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

*United States v. Morton*
Case No. 3:24-cr-0004
Order
Page **2** of **3**

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994). The Speedy Trial Act provides for exclusion of "[a]ny period of delay resulting from the absence or unavailability of . . . essential witness." 18 U.S.C.A. § 3161 (h)(3)(A).

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary due to the unavailability of the Government's essential witness for the next three months, as a result of his post-surgery medical leave. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through April 7, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Government's Motion to Continue Trial, ECF No. 56, is **GRANTED;** it is further

**ORDERED** that the Government's Supplement to Motion to Continue Trial and Exclude Time Under the Speedy Trial Act, ECF No. 61, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than March 28, 2025; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than March 31, 2025, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; (e) proposed non-standard jury instructions related to the elements of the charges and defenses; and (f) whether there are any discovery issues outstanding; it is further

*United States v. Morton*
Case No. 3:24-cr-0004
Order
Page **3** of **3**

      **ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than March 27, 2025;[1] and it is further

      **ORDERED** that the Jury Selection and Trial in this matter previously scheduled for November 18, 2024, are **CONTINUED** to commence promptly at 9:00 A.M. on April 7, 2025, in St. Thomas Courtroom 1.

**Dated:** November 7, 2024                    */s/ Robert A. Molloy*
                                                            **ROBERT A. MOLLOY**
                                                             **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.