## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:24-cr-0004 |
| N'KEL MORTON, ) | |
| Defendant. ) | |

**APPEARANCES:**

**DELIA L. SMITH, UNITED STATES ATTORNEY**
**KIMBERLY RILEY, ASSISTANT UNITED STATES ATTORNEY**
**ADAM SLEEPER, ASSISTANT UNITED STATES ATTORNEY**
UNITED STATES ATTORNEY'S OFFICE
ST. THOMAS, U.S. VIRGIN ISLANDS
   *FOR THE UNITED STATES OF AMERICA*

**MATTHEW A. CAMPBELL, FEDERAL PUBLIC DEFENDER**
**KIA DANIELLE SEARS, ASSISTANT FEDERAL PUBLIC DEFENDER**
OFFICE OF THE FEDERAL PUBLIC DEFENDER
ST. THOMAS, U.S. VIRGIN ISLANDS
   *FOR DEFENDANT N'KEL MORTON*

## MEMORANDUM OPINION

**MOLLOY,** *Chief Judge.*

**BEFORE THE COURT** is Defendant N'Kel Morton's ("Morton") Motion to Sever Count One, pursuant to Federal Rules of Criminal Procedure 8 and 14, filed on May 13, 2024. (ECF No. 27.) The Government filed an opposition on May 28, 2024. (ECF No. 31.) Morton did not file a reply. For the reasons stated below, the Court will deny the motion.

### I.

On April 12, 2024, the Government filed a five-count Information charging Morton with the following offenses: (1) distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)

*United States v. Morton*
Case No. 3:24-cr-0004
Memorandum Opinion
Page **2** of **6**

and (b)(1)(c) (Count One); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (Count Two); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); (4) possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Four); and (5) possession of a firearm in a school zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) and 924(a)(4) (Count Five).[1] The Information alleges that the activities giving rise to the distribution of cocaine in Count One occurred on December 7, 2023. The Information further alleges that the events giving rise to cocaine and firearms charges in Counts Two through Five occurred on March 8, 2024.

Morton seeks to sever Count One from Counts Two through Five.

## II.

Rule 8 of the Federal Rules of Criminal Procedure provides that an indictment or information "may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Thus, "[t]he joinder of offenses pursuant to Rule 8(a) is allowed in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." *United States v.*

---

[1] On August 7, 2024, the grand jury returned an indictment charging Morton with the exact same five offenses. (ECF No. 36.) The Court will construe Morton's motion seeking a severance to Count One in the Information as a motion seeking severance to Count One of the Indictment as well.

*Rodgers*, 732 F.2d 819, 820 (8th Cir. 1979). In determining whether joinder of charges and defendants is proper under Federal Rule of Criminal Procedure 8, the Third Circuit instructs that district courts must focus primarily upon the indictment. *See United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003) ("Our inquiry into whether offenses or defendants were properly joined focuses upon the indictment, not upon the proof that was subsequently produced at trial"); *But see United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992) ("Trial judges may look beyond the face of the indictment to determine proper joinder in limited circumstances. Where representations made in pretrial documents other than the indictment clarify factual connections between the counts, reference to those documents is permitted . . ." but relying on the government to proffer evidence it will adduce at trial is not appropriate). "Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Brown*, Criminal No. 1:CR-02-146-02, 2002 U.S. Dist. LEXIS 26049, at *8 (M.D. Pa. Dec. 17, 2002) (quoting *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995))

In determining whether two or more offenses are of "the same or similar character," the Court must "compare the offenses charged for categorical, not evidentiary, similarities." *United States v. Stevens*, 188 F. Supp. 3d 421, 424 (M.D. Pa. 2016); *see also, United States v. Hagins*, 452 Fed. Appx. 141, 146 (3d Cir. 2011) (affirming the district court's decision not to sever offenses because the relevant counts were of the same or similar character as all were felon-in-possession offenses and "[i]t d[id] not matter that each Count identifies different acts of possession at different times.") Here, looking at the face of the Indictment, Count One charges Morton with distributing cocaine on December 7, 2023, while Count Two charges

him with possession with intent to distribute cocaine on March 8, 2024. The offenses alleged in Count One and Two are clearly "of the same or similar character." And, because Counts Two through Five are alleged to have occurred on the same date, these offenses are properly joined under Rule 8(a) as offenses based on two or more acts or transactions connected together.[2] Moreover, the logical connection and transactional nexus between drug offenses and firearm offenses is present in the circumstances of this case. *United States v. Hartley*, No. 3:20-CR-269, 2022 U.S. Dist. LEXIS 63464, at *3 (M.D. Pa. Apr. 5, 2022) ("transactional nexus can be based on a physical, temporal, or logical connection between offenses, such as an interrelation of facts or evidence."). Thus, the Court finds that joinder of these offenses is proper.

Notwithstanding that joinder of offenses may be proper under Rule 8, a court may order separate trials of counts where joinder "appears to prejudice a defendant." Fed. R. Crim. P. 14. A district court enjoys considerable latitude in deciding whether to sever offenses under Rule 14, with the touchstone being whether a "substantial potential for prejudice" will arise if the trials are consolidated. *United States v. Joshua,* 976 F.2d 844, 848, 28 V.I. 177 (3d Cir. 1992); *United States v. Eufrasio,* 935 F.2d 553, 569 (3d Cir. 1991) (opining that a defendant must demonstrate clear and substantial prejudice resulting in a manifestly unfair trial to justifying severance). "Mere allegations of prejudice are not enough; and it is not sufficient simply to establish that severance would improve the defendant's chance of acquittal." *United States v. Reicherter,* 647 F.2d 397, 400 (3d Cir. 1981).

---

[2] Moreover, while the drug charge in Count One is alleged to have occurred three months prior to the firearms charges alleged in Counts Two through Five, the Third Circuit has long noted that narcotics and firearms charges are properly joined when they are connected temporally or logically. *See United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987).

Morton appears to argue that the Court should order severance to avoid undue prejudice from the spillover effect of the evidence in Count One with the evidence in Counts Two through Five. The Court finds this argument unpersuasive. As Morton recognizes in his motion, "[o]f primary concern in considering a motion for severance is 'whether the jury can reasonably be expected to compartmentalize the evidence,' as it relates to each count by following the instructions of the trial court." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981). The Court is not aware of any reason why a jury would not be able to compartmentalize the evidence from the events of December 7, 2023, and the events of March 8, 2024. This case does not appear to be complex as the allegations involve the distribution of cocaine on one day and the possession of cocaine with the intent to distribute and firearms some three months later. Furthermore, the Court will instruct the jury – as it always does in multi-offense trials – that it must consider each offense separately. *See,* Third Circuit Model Criminal Jury Instruction 3.12 (Separate Consideration – Single Defendant Charged with Multiple Offenses). Being that there is a legal presumption that jurors will follow the instructions given to them by the trial court, *see Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 191 (3d Cir. 2019), the Court sees no reason why the jury would have difficulty compartmentalizing the evidence in this case. *See United States v. Hadaway*, 466 Fed. Appx. 154 (3d Cir. 2012) (stating "[w]e have upheld a jury's ability to consider multiple charges in cases far more complex than that here" involving two simple robberies with one involving a firearm) (citing e.*g. United States v. Thomas,* 610 F.2d 1166 (3d Cir. 1979) (holding severance was unnecessary in a case with 31 bank fraud charges) Accordingly, the

*United States v. Morton*
Case No. 3:24-cr-0004
Memorandum Opinion
Page **6** of **6**

Court concludes that a "substantial potential for prejudice" would not arise from a single trial in this case.

III.

Accordingly, for the reasons stated above, the Court will deny the motion to sever. An appropriate Order follows.

**Dated:** January 31, 2025                         */s/ Robert A. Molloy*
                                                   **ROBERT A. MOLLOY**
                                                   **Chief Judge**